Kaye, J.
(concurring). While concurring in result, I write to emphasize my understanding that the imposition of liability upon the State in the circumstances presented is not a departure from Bass v City of New York (32 NY2d 894) or Weiner v Metropolitan Transp. Auth. (55 NY2d 175). The allocation of police resources remains a legislative executive decision. Although a commercial entity engaged in a particular activity may be required to furnish security guards, a governmental agency performing that same activity does not have the same obligation to assign police. (Weiner v Metropolitan Transp. Auth., 55 NY2d 175, 182, supra.)
But governmental agencies acting as landlords are not exonerated from responsibility to furnish any security to their tenants. Liability is properly imposed in this case because of the policy adopted by the State, as landlord, of having all entrances to the dormitory unlocked at all *515 times, despite an open campus and reported criminal incidents. We do not decide whether the State similarly would be liable for a failure to keep all dormitory doors locked at all times. With several thousand students living in 27 dormitories at Stony Brook alone, each dormitory presumably having several entrances, that would be a truly onerous — if not impossible — obligation for any security force, involving the allocation of police resources.
Judges Jasen, Jones, Wachtler, Meyer and Simons concur with Chief Judge Cooke; Judge Kaye concurs in result in a separate opinion.
Order reversed, with costs, and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.